No. 11,095.

## MRS. MARTHA B. HEALEY VS. JOSEPH H. ASHBEY.

The fact of a recordation of a special mortgage executed by the surviving member of the community, on community property, to secure his separate debt, can not have the effect of preventing the sale of the property, to satisfy a judgment against the community, because the price bid for it is not sufficient to pay the special mortgage. In such a case the judgment has priority, not by the fact of prior recordation, but because of the nature of the debt.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*J. Zach. Spearing* for Plaintiff, Appellee.

*Ernest T. Florance* for Intervenors, Appellants.

The opinion of the court was delivered by

MCENERY, J. This is a suit to enforce the sale of mortgaged property by executory process. The mortgage securing the note sued on was executed the 20th May, 1885. The history of the debt and mortgage is, that the defendant, Joseph H. Ashbey, the father of plaintiff, opened his deceased wife's succession in 1857. There were two minor children, the plaintiff and her brother, to whom the mortgage of 20th May, 1885, was given for the sum of five thousand six hundred and five dollars and eighteen cents. The father, as the surviving partner in community, held the deceased wife's share in usufruct. This share was adjudicated to him for its inventoried price on the recommendation of a family meeting. The judgment homologating the deliberations of the family meeting also liquidated the amount due the minor, which was the sum secured by the mortgage of the 20th May, 1885. The judgment was signed on January 23, 1858. The two children left the State, and on arriving at majority, on 21st April, 1885, brought suit in the United States Court against their father for the sum which had been liquidated, as due them, by the judgment of January 23, 1858. This suit was not prosecuted to a judgment, for the reason that the father, Joseph H. Ashbey, executed the above special mortgage to secure the amount due his children. The executory proceeding was enjoined by J. T. Whitaker, on the ground that he was the legal owner in possession

of a part of the immovable property covered by the special mortgage of plaintiff; that he acquired title to the same from Mary J. Ashbey, who acquired title to the same at a judicial sale provoked in the case of Mary J. Ashbey, tutrix, vs. Jos. H. Ashbey, for the sum of five thousand four hundred and thirty-seven dollars and ninety-two cents, with interest, which debt was a community debt of the community between Joseph H. Ashbey and his second wife.

Prior to the sale to him by Mrs. Ashbey and the children who could set up claim to said property, Whitaker had purchased the property at tax sale. This tax sale purchase does not figure in the case, as a tender had been made, within the legal delays, to redeem the property, which was rejected by him. Joseph H. Ashbey owed Mary J. Ashbey, as tutrix of the children of his brother, James H. Ashbey, the above amount, for which judgment was rendered in her favor. This amount, at stated, was a community debt against the second community, and it is so admitted by plaintiff. Execution issued on this judgment, and all the property of Joseph H. Ashbey was seized and sold, and purchased by Mrs. Mary J. Ashbey for the price of three thousand six hundred and eighty-five dollars. She, as adjudicatee, was put in possession of the property. The judgment under which she purchased was signed on the 29th of May, 1885.

The mortgage certificate read by the sheriff on the day of sale did not include in its recital the mortgage of 20th May, 1885. Its disappearance from the record was as follows: Mrs. Mary J. Ashbey, as tutrix, brought a suit to annul the mortgage of 20th May, 1885, on the ground that the mortgage was fraudulent, and intended to give preference over the judgment of May 29, 1885, in her favor. There was judgment in her favor, from which a devolutive appeal was taken. On appeal to this court the judgment was reversed. Ashbey vs. Ashbey, 39 An. 105.

After the appeal had been perfected she sued out a rule to have the mortgage canceled, and there was judgment in her favor. The plaintiff and her brother, the mortgage creditors, were not made parties defendant in the rule. They were not concluded by the judgment. Ashbey vs. Ashbey, 41 An. 138.

The effect of the reversal of the judgment appealed from was to reinstate the mortgage of plaintiff. Whitaker and Mrs. Ashbey were not innocent third parties who could be protected under Art. 684, Code of Practice, as adjudicatees. The one was plaintiff in the rule

and the other the attorney. They caused the illegal cancellation of the mortgage, and therefore can not take advantage of this wrongful act.

But if the judgment in favor of Mrs. Ashbey as tutrix was a community debt existing against the second community, it matters not whether plaintiff's mortgage was on record. It is axiomatic that the surviving member of the community can not encumber community property for his own debts, so as to defeat the claims of community creditors. Rawlins vs. Giddens, 46 An. 1136.

Mrs. Mary J. Ashbey brought a suit to annul the mortgage of 20th May, 1885, on the ground that the assailed mortgage was fraudulent, and intended to defeat the plaintiff tutrix from recovering the amount due her minor child in her judgment against Jos. H. Ashbey, who owed nothing to Louis and Martha Ashbey, the mortgagees, and who at the date of the mortgage was hopelessly insolvent. The prayer of the petition was for the nullity of the mortgage, so far as it related to the right of the complaining creditor, and to subject the property to the ranking judicial mortgage of the minor, who was the real and only plaintiff in the suit.

The defence was a general denial, and the plea of prescription of one year under Art. 1987, Civil Code.

There was judgment in the lower court for the tutrix, but on appeal to this court the judgment was reversed and the action was dismissed.

Mrs. Mary J. Ashbey, and her children of age and emancipated, and her grandchild, duly represented, intervened by third opposition, as owners of part of the property sought to be subjected to the mortgage. These attacks on the executory proceedings are, in substance, identical with those of Whitaker, and the issues presented by the opposition are the same.

The sole question therefore presented is whether this judgment is *res judicata* as to the parties here.

There was judgment below for the plaintiff, reserving to the plaintiff in injunction certain rights in future litigation, and the restitution of the price paid for the property by Whitaker, and the collection of attorney's fees, forming part of the price given by him for the property.

## *Res Judicata.*

The mortgage of 20th May, 1885, was anterior to the judicial mortgage of Mrs. Mary J. Ashbey, tutrix, by virtue of which the property of Jos. H. Ashbey was sold, and Mrs. Mary J. Ashbey became the adjudicatee.

Hence it became necessary in her opinion to have said prior mortgage canceled, in order to give full effect to her judgment on the property embraced in the mortgage of 20th May, 1885.   Therefore she brought suit against Joseph Ashbey to annul said mortgage, because it was intended to defeat her judicial mortgage as tutrix.   The action was revocatory in character.   See Ashbey vs. Ashbey, 41 An. 102.

The issues in that suit were the fact of the validity of the debt due by Jos. H. Ashbey to his children by the first marriage, and whether the mortgage securing it was executed and placed on record to defeat the judicial mortgage of Mary J. Ashbey, tutrix, and prescription of one year to the action.   There was judgment against the tutrix, the court holding that the debt due by Jos. Ashbey to his children was a just debt; that the mortgage was not executed and placed on record to defeat the judicial mortgage, and that the prescription of one year barred the revocatory action instituted by the plaintiff tutrix.

The issue presented here was not before the court in that case or involved in that litigation.   Both debts are recognized as just debts; both are of record as mortgages against the property sought to be subjected to sale under the mortgage of 20th May, 1885. Therefore, the question here is, can a debt, originating before the community exists, be secured by mortgage by one of the spouses for his separate debt on community property, and thus defeat community creditors?   In the case of Ashbey vs. Ashbey the two mortgages as they stood on the records, with an attack against the prior one as having been fraudulently placed there for the purpose of defeating the junior one, were before the court.   The validity of the one and its proper inscription were determined.   The operation of the mortgages on the property covered by both was not a question at issue.   In the instant case it is.

The mortgage of plaintiff may be and is unquestionably legal and binding upon the property, but its prior inscription can not defeat

the community creditor. Ashbey could have no interest in the community property which he could mortgage for his individual debt until after the satisfaction of the claims of the community credit rs. Plaintiff's mortgage could only have effect upon the individual property of Joseph H. Ashbey, or upon his share of the community property after the settlement and payment of community debts. The mortgage of plaintiff being on record, could not, therefore, have the effect of making the property bring at the sale the amount of this prior mortgage. Its absence from the certificate of mortgage could not, therefore, interfere with the enforcement of the judicial mortgage or sale under the judgment for the community debt.

In plaintiff's mortgage there is one piece of property described as being in the Fifth District of this city, being one-half of lot seven of square No. 13, thirty feet front on Jackson street by one hundred and eighty feet in depth, acquired by Jos. H. Ashbey from E. T. Riley on 4th October, 1861. The intervenors and third opponents, by virtue of the judicial sale, heretofore referred to, claim this property and resist its sale under plaintiff's mortgage. It does not belong to the second community. The intervenors and third opponents can not resist the sale of this property. They can only exercise their rights upon the proceeds of sale in case there is an excess after satisfying the mortgage of 20th May, 1885.

This property being the separate property of Jos. H. Ashbey, the surviving member of the community, he had the undoubted right to place a special mortgage upon it.

The debt for which the mortgage was executed, we learn from Ashbey vs. Ashbey, 41 An. 102, grew out of the usufruct of the property of the first community, in which the minors had an undivided interest. We also learn from that case that on the dissolution of the first community the minor's interest (that of plaintiff's and her brother) was adjudicated to the father, Jos. H. Ashbey, for the sum of five thousand six hundred and five dollars and eighteen cents, and that the mortgage securing this amount of 20th May, 1885, was but a " repetition " of the judgment of January 23, 1858, by which their claim against their father was determined and fixed.

The adjudication to the tutor carried with it a special mortgage on the property held in common by the minors and the tutor. C. C. 343.

In pursuance of the adjudication made under the Art. 343, C. C., a special mortgage may be given by the tutor on other immovable

property which shall annul the special mortgage arising from the adjudication. Art. 344, C. C. (7).

It does not appear that a special mortgage was given by the tutor, Jos. H. Ashbey, to secure the amount of his indebtedness to his minor children after the adjudication was made to him. The special mortgage then, placed upon his separate property, was the first attempt to do that which he should have done at an earlier day. Under these facts the mortgage executed on the separate property is superior in equity, and is prior in recordation to that of the detainers of the property, the intervenors.

The other two pieces of property described in plaintiff's petition and mortgage attached to it were acquired during the second community, and were subject to the payment of the judgment against the community. One of these pieces of property was bought in the name of the wife, but it is described as community property by the mortgagor, Jos. H. Ashbey. Having been acquired by purchase by the wife during the existence of the community, it is presumed to be community property. It was sold as community property under the judgment in favor of Mrs. Mary J. Ashbey, tutrix, in the suit of Mary J. Ashbey, tutrix, vs. Jos. H. Ashbey, 41 An. 102. These last described pieces of property were sold by Mrs. Mary J. Ashbey, to whom they were adjudicated by the plaintiff in injunction.

The plaintiff in the executory proceedings could have only asserted her mortgage rights on the proceeds of the sale of the two pieces of property, which were legally adjudicated to Mrs. Mary J. Ashbey. There was no surplus, and, of course, there was nothing left of the property upon which her mortgage rights could be asserted. The origin and nature of the debt secured by the judgment gave it a preference over plaintiff's mortgage.

The judgment under which the property first described in the act of mortgage was adjudicated to Mrs. Mary J. Ashbey must be postponed in its effect upon said property to the special mortgage of plaintiff for the reasons stated. The rights of the parties contesting said judgment to claim the surplus over and above the special mortgage of May 20, 1885, will be reserved.

It is therefore ordered, adjudged and decreed that the judgment be amended so as to affirm the judgment against the intervenors and third opponents, and restricting the reservation of their rights to assert their claims upon the proceeds of the sale of the property de-

41

scribed in their petition of intervention as stated in the opinion, affirming the judgment in favor of the plaintiff and restricting the operation of the mortgage upon the first piece of property described in plaintiff's petition and the act of mortgage annexed to the same. And reversing that part of the judgment dissolving the injunction of the plaintiff therein, John T. Whitaker, which is perpetuated by this decree; the intervenors to pay costs of intervention and the plaintiff to pay the costs of the injunction, including costs of appeal relating to same.

Rehearing refused.